**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2379-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DEREK S. MCDONOUGH,

     Defendant-Appellant.

_____

Submitted October 4, 2022 – Decided October 28, 2022

Before Judges Susswein and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-04-0441.

The Allongo Law Firm, LLC, attorneys for appellant (Michael S. Allongo, of counsel and on the brief; Falguni Patel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal of a petition for post-conviction relief (PCR) defendant Derek McDonough requests we consider whether he was denied effective assistance of trial counsel or at minimum, that he made a prima facie showing entitling him to an evidentiary hearing. Specifically, McDonough claims his counsel's performance was deficient by releasing inculpatory evidence to the State, failing to interview a material witness, failing to exercise defendant's right to a speedy trial, failing to leverage his first mistrial to secure a better plea or dismissal, and failing to adequately inform him of his right to testify. McDonough contends these cumulative errors and his counsel's failure to communicate with him deprived him of a fair trial.

Because we conclude McDonough failed to carry his burden to assert specific facts demonstrating counsel's performance was deficient with respect to any of the claims raised or that he experienced prejudice as a result, we affirm substantially for the reasons set forth by Judge John M. Deitch in his well-reasoned, twenty-four-page written opinion. The facts and procedural history leading to defendant's conviction are set forth in our earlier opinion affirming McDonough's conviction and sentence, State v. McDonough (McDonough I), Nos. A-4901-11, A-0525-12 (App. Div. Mar. 5, 2015) (slip op. at 5-7), certif.

denied, 224 N.J. 245 (2016), and we incorporate them here by reference. We add the following comments.

McDonough was alleged to have contacted and met with B.B., a thirteen-year-old girl, on multiple occasions, penetrating her and having her fellate him. B.B.'s nanny met him once, questioned whether he was seventeen years old, and asked to see his driver's license, at which point she learned he was twenty-eight years old and told B.B.'s parents. Defendant gave a videotaped confession and consent to have his computers taken by police.[1] After defendant was initially charged, defendant made further contact with B.B., asking her to not appear at trial. B.B. also sent him naked photos at his request. B.B.'s parents found the flash drive containing the photos and gave it to defendant's attorney. The victim's parents testified about the flash drive before the grand jury, at which point the State became aware of its existence and obtained a warrant to gain possession of the flash drive from defendant's attorney.

At trial, defendant did not testify or present witnesses. On the record, defense counsel stated he spoke with defendant about testifying many times over the course of several years and defendant was steadfast in asserting he did not

---

[1] Defendant's counsel filed a suppression motion regarding the confession, which was denied.

want to testify. In response to a detailed colloquy by the trial judge, defendant confirmed he signed his waiver to testify form after discussing his rights with his attorney and understanding his rights.

The first trial resulted in a mistrial when B.B. inadvertently testified defendant had been incarcerated before. After a second trial, defendant was convicted of having committed fourth-degree criminal sexual contact and third-degree witness tampering. The jury acquitted defendant of second-degree endangering the welfare of a child and third-degree promoting obscene material. The jury was unable to render a verdict on second-degree sexual assault, second-degree luring, and third-degree endangering the welfare of a child. Defendant was sentenced to five-and-one-half years, subject to a two-year period of parole ineligibility.

When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, he is entitled to the requested relief. State v. Echols, 199 N.J. 344, 357 (2009). To sustain this burden, the petitioner must allege and articulate specific facts "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A-2379-20

Both the Sixth Amendment of the United States Constitution and Article 1, Paragraph 10 of our State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686; State v. Fritz, 105 N.J. 42, 58 (1987). Our Supreme Court has adopted the two-part test articulated in Strickland to determine whether a defendant has received ineffective assistance of counsel. Fritz, 105 N.J. at 58. A defendant may seek PCR pursuant to this standard if the defendant shows (1) "[defendant's] counsel's performance was deficient[,]" and (2) this "deficient performance prejudiced the defense." Id. at 52 (quoting Strickland, 466 U.S. at 687).

Firstly, a defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Secondly, the defendant must demonstrate "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. This second prong is particularly demanding and requires "the error committed must be so serious as to undermine the court's confidence in the jury's

A-2379-20

verdict or the result reached." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). This "is an exacting standard." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Allegro, 193 N.J. at 367). "Prejudice is not to be presumed" but must be affirmatively proven by the defendant. Gideon, 244 N.J. at 551.

Short of obtaining immediate relief, a defendant may seek to show an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462 (1992). "Although [Rule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions, [Rule] 3:22-10 recognizes judicial discretion to conduct such hearings." Ibid. The PCR court should grant an evidentiary hearing only if: (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel; (2) there are material issues of disputed fact that must be resolved with evidence outside of the record; and (3) the hearing is necessary to resolve the claims for relief. Ibid.; R. 3:22-10(b). In considering the first factor, a PCR judge "should view the facts in the light most favorable to a defendant to determine whether a defendant" has "demonstrate[d] the reasonable likelihood of succeeding under the [Strickland/Fritz test]." Id. at 463.

Therefore, to establish a prima facie case of ineffective assistance of counsel, a defendant "must do more than make bald assertions" that his counsel's performance was substandard. State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). "Rather, [a] defendant must allege specific facts and evidence supporting his allegations." Porter, 216 N.J. at 355. Moreover, "a defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative.'" Ibid. (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Defendant claims his counsel rendered ineffective assistance by turning over a flash drive that contained nude photos of the victim pursuant to a subpoena. As Judge Deitch correctly found, that claim is procedurally barred because it was adjudicated on direct appeal. A petition for PCR is not a substitute for a direct appeal. "[A] defendant may not employ [PCR] to assert a new claim that could have been raised on direct appeal, Rule 3:22-4, or to relitigate a claim already decided on the merits, Rule 3:22-5." State v. Goodwin, 173 N.J. 583, 593 (2002). Claims that are "identical or substantially equivalent" to the claim previously adjudicated are barred. State v. McQuaid, 147 N.J. 464, 484 (1997). However, courts may review previously adjudicated claims if some miscarriage of justice is evident. See, e.g., State v. Nash, 212 N.J. 518, 546

A-2379-20

(2013) (reviewing a matter previously litigated where newly discovered evidence entitled defendant to new trial); State v. Berisha, 458 N.J. Super. 105, 115 (App. Div. 2019) (reviewing a matter previously litigated that was "demonstrably erroneous" because the opinion was inconsistent).

This issue was specifically adjudicated on direct appeal. McDonough's petition for PCR is not a substitute for a motion for reconsideration or a petition for certification, which he filed, and our Supreme Court denied. McDonough contends both the PCR judge and the Appellate Division failed to appreciate the "permeable effect" the flash drive had on the entire trial, and his trial counsel should not have used it to invoke the victim's promiscuity. However, a victim's promiscuity is a defense to endangering the welfare of a minor, N.J.S.A. 2C:24-4(a), where an element is that defendant's conduct "would impair or debauch the morals of the child. . . " Cf. State v. R.Y., 242 N.J. 48, 65 (2020) (acknowledging "the victim's past sexual conduct" could "cast the victim as promiscuous or of low moral character" (quoting State v. Garron, 177 N.J. 147, 165 (2003))). Counsel's strategy in maintaining that position was successful as the jury could not reach a verdict on that charge.

McDonough's reliance upon State v. Ravi, 447 N.J. Super. 261 (App. Div. 2016) in misplaced. In Ravi, the defendant was convicted of multiple counts of

bias intimidation pursuant to N.J.S.A. 2C:16-1(a)(3). Ravi, 447 N.J. Super. at 266. Following the defendant's conviction, the bias intimidation crimes contained in N.J.S.A. 2C:16-1(a)(3) were declared unconstitutional by the Supreme Court in State v. Pomianek, 221 N.J. 66 (2015) because one of the elements improperly focused "on the victim's perception and not the defendant's intent." Ravi, 447 N.J. Super. at 289 (quoting Pomianek, 221 N.J. at 70).

In contrast, no injustice is evident from the record before us because there is no proof the flash drive evidence had a "permeable effect" on the trial. Unlike Ravi, the nude photos on the flash drive were not relevant to the charges McDonough was ultimately convicted of, and the State only mentioned this evidence once during summation. Judge Deitch's finding that McDonough's claim regarding counsel's release of the flash drive was procedurally barred was correct.

With respect to the failure to investigate a material witness, the trial court properly found McDonough had failed to present a certification from the nanny or any evidence her testimony would be exculpatory and not cumulative, given his confession and the victim's testimony. Likewise, the trial court correctly found the significant delay in reaching trial was largely caused by defendant's own motions and interlocutory appeal, and he was not denied a speedy trial. The

trial court also properly concluded a mistrial was necessary and McDonough had voluntarily and knowingly waived his right to testify.

In sum, we affirm Judge Deitch's denial of post-conviction relief and find he adequately addressed McDonough's remaining claims in his well-reasoned and thorough written opinion. Those claims, therefore, do not merit further consideration pursuant to Rule 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2379-20